IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MONROE MCGHEE,     *
           *
    Plaintiff,    *
           *
           *
vs.         *   2:02cv00166 SWW
           *
           *
           *
LARRY NORRIS, RAY HOBBS, MARVIN *
EVANS, JR., FREDDIE WALLS, EVELYN *
FITTS, STEVE MCGEE, RAMMIE HALL, *
TONY BARNES, and JESSIE STEELE, *
           *
    Defendants.  *

<u>ORDER</u>

   Plaintiff Monroe McGhee previously filed the following motions in advance of the

March 6, 2006 court trial: (1) motion for a copy of his witness list [doc.#77]; (2) motion for

documents and discovery [doc.#78]; and (3) motion for a settlement conference [doc.#79].  By

Order dated December 8, 2005, this Court, noting that there had been no objections from

defendants, granted plaintiff's motions [doc.#80].  The following day, defendants filed a

response to this Court's Order [doc.#82].  Defendants do not address in their response this

Court's ruling on plaintiff's motion for a copy of his witness list or his motion for a settlement

conference, and so this Court's ruling on those motions will remain in place.

   Defendants do, however, object to portions of this Court's ruling on plaintiff's motion for

documents and discovery, which was as follows:

    Concerning plaintiff's motion for documents and discovery, the Court notes that
    following the decision declining to adopt Magistrate Judge Forster's Proposed
    Findings and Recommended Disposition, this Court, on October 11, 2005, issued
    a Scheduling Order setting the March 6, 2006 trial date and noting, among other

things, that the deadline for completing discovery has expired.  Having reviewed
the record in the context of plaintiff's most recent motions, however, the Court
notes that on [August 3, 2004], plaintiff submitted a similar request for production
of documents and discovery in advance of the evidentiary hearing conducted by
Judge Forster.  It is not clear, however, that defendants ever responded to
plaintiff's request or that the Magistrate Judge otherwise ruled on the matter.
Given that plaintiff is entitled to some discovery in advance of trial, the Court will
extend the deadline for conducting discovery for purposes of ruling on plaintiff's
motion by thirty (30) days from the date of entry of this Order and will direct that
defendants provide plaintiff (if they haven't already), also within thirty (30) days
of the date of entry of this Order, (1) a record of plaintiff's movement, placement,
and/or housing location and status during the time when he was shipped to the
East Arkansas Regional Unit (late 1998), up to and including the filing of this
action on November 1, 2002; (2) the names and [Arkansas Department of
Correction ("ADC")] numbers of all clerks assigned to the law library during the
above time frame; (3) a copy of all memos issued regarding the grievance
procedure or concerning the law library during the above time frame, including
but not limited to those issued by the Attorney General of the State of Arkansas;
(4) all requests for interviews, filled out by plaintiff, as well as copies of all
informal complaints concerning the law library addressed to Warden Evans,
Assistant Warden Walls, Director Norris, and Assistant Director Hobbs; and (5)
copies of all grievances filed during the above time frame concerning the law
library and access thereto.

Order at 1-2 (footnotes omitted).

Defendants first object to this Court's ruling on procedural grounds.  Specifically,

defendants object to plaintiff's November 17, 2005 request as untimely (based on the discovery

deadline in this Court's Scheduling Order) and state that prior to the January 26, 2004 "bench

trial" held by Magistrate Judge Forster, plaintiff, on August 3, 2004, submitted a Request for

Production of Documents[1] and that this request "was honored on August 25, 2004, resulting in

the Plaintiff receiving numerous documents."

Defendants' objection that plaintiff's most recent motion for discovery is untimely and

that he was provided discovery prior to the "bench trial" before Magistrate Judge Forster is

---

[1] The Court referred to this motion in its December 8, 2005 Order but erroneously referred to the date of this Request as July 22, 2004.

without merit.  This Court already explained that it was viewing plaintiff's motion in the context

of the record as a whole and that plaintiff is entitled to some discovery in advance of *trial*.  The

hearing before Magistrate Judge Forster hardly qualifies as a "bench trial"; plaintiff did not

consent to the Magistrate Judge conducting such a trial and he was not allowed to call witnesses

other than those "free-world" individuals listed "and who appear voluntarily" on his behalf

[doc.#63].  Defendants claim that plaintiff's earlier discovery request "was honored on August

25, 2004, resulting in the Plaintiff receiving numerous documents" (although the record does not

reflect such), but defendants do not state the extent to which plaintiff's prior request was

"honored" or identify the "numerous documents" plaintiff received.[2]  Accordingly, the Court

rejects defendants' argument that plaintiff's motion for discovery is untimely and that plaintiff

has already been provided the discovery he seeks.[3]

Concerning the merits of defendants' objections, defendants first object that plaintiff's

motion for all requests for interviews by plaintiff is overly broad, unduly burdensome, and

irrelevant.  Having reconsidered, the Court agrees that the relevance of this request is not

apparent and so the Court will vacate this aspect of the December 8, 2005 Order.  Defendants do

not, however, object (other than on timeliness grounds, which the Court has already rejected) to

plaintiff's request for a record of plaintiff's movement, placement, and/or housing location and

status during the time when he was shipped to the East Arkansas Regional Unit (late 1998), up to

and including the filing of this action on November 1, 2002; the names and ADC numbers of all

---

[2] The Court directed that defendants comply with plaintiff's most recent discovery "if they haven't already."

[3] This Court acknowledged in its December 8, 2005 Order that the Magistrate Judge refers to certain grievances in his Proposed Findings and Recommended Disposition but noted that it is not clear if these grievances encompass all of the grievances to which plaintiff refers in his motion for discovery now before the Court.  Defendants' response to this Court's Order does little to clarify the issue.

clerks assigned to the law library during the above time frame; and a copy of all memos issued regarding the grievance procedure or concerning the law library during the above time frame, including but not limited to those issued by the Attorney General of the State of Arkansas. Accordingly, those aspects of the Court's December 8, 2005 Order will remain in place.

Defendants do, however, object to plaintiff's request for all informal complaints and grievances concerning the law library. Defendants note that the ADC computer system cannot perform such a search but can only search by particular inmates who filed grievances and can produce total numbers of particular grievances filed, such as the number of medical grievances filed at a particular unit for a particular year, but that it cannot produce a list of the individual grievances. In this respect, state defendants, in order to find individual grievances regarding the law library, the inmate grievance supervisor would have to physically look through all the grievances filed that particular year at a unit, which on average, will number between 7,000 to 9,000 grievances.

Given defendants' representations concerning the ADC computer system, the Court will modify its December 8, 2005 Order and require that defendants ascertain and turn over to plaintiff (1) copies of all informal complaints concerning the law library during the time when plaintiff was shipped to the East Arkansas Regional Unit (late 1998), up to and including the filing of this action on November 1, 2002 that were submitted by inmate witnesses identified by plaintiff on his witness list filed July 22, 2004 [doc.#29], and (2) copies of all grievances filed during the above time frame concerning the law library and access thereto that were submitted by inmate witnesses identified by plaintiff on his witness list filed July 22, 2004 [doc.#29]. Any other inmate witnesses plaintiff wishes to identify as having submitted informal complaints

and/or grievances concerning the law library during the above time frame and that he wishes defendants to provide must be submitted by plaintiff to defendants within two (2) weeks of the date of entry of this Order.  Defendants will then have two (2) weeks from the date of submission of any such inmate witnesses identified by plaintiff in which to provide any informal complaints and/or grievances concerning the law library during the above time frame that those additional inmate witnesses submitted.

IT IS THEREFORE ORDERED that the portion of this Court's December 8, 2005 Order granting plaintiff's motion for all requests for interviews by plaintiff is hereby vacated.

IT IS FURTHER ORDERED that within thirty (30) days of the date of entry of today's Order defendants provide to plaintiff (1) a record of plaintiff's movement, placement, and/or housing location and status during the time when he was shipped to the East Arkansas Regional Unit (late 1998), up to and including the filing of this action on November 1, 2002; (2) the names and ADC numbers of all clerks assigned to the law library during the above time frame; (3) a copy of all memos issued regarding the grievance procedure or concerning the law library during the above time frame, including but not limited to those issued by the Attorney General of the State of Arkansas; (4) copies of all informal complaints concerning the law library during the time when plaintiff was shipped to the East Arkansas Regional Unit (late 1998), up to and including the filing of this action on November 1, 2002 that were submitted by inmate witnesses identified by plaintiff on his witness list filed July 22, 2004 [doc.#29], and (5) copies of all grievances filed during the above time frame concerning the law library and access thereto that were submitted by inmate witnesses identified by plaintiff on his witness list filed July 22, 2004 [doc.#29].

IT IS FURTHER ORDERED that any other inmate witnesses plaintiff wishes to identify as having submitted informal complaints and/or grievances concerning the law library during the above time frame and that he wishes defendants to provide to him must be identified by plaintiff and submitted to defendants within two (2) weeks of the date of entry of this Order.  Defendants will then have two (2) weeks from the date of submission of any such inmate witnesses identified by plaintiff in which to provide any informal complaints and/or grievances concerning the law library during the above time frame that those additional inmate witnesses submitted.

IT IS FURTHER ORDERED that all other aspects of this Court's December 8, 2005 Order not herein modified, including the referral of this action to a Magistrate Judge for a settlement conference, will remain in place.

Dated this 14th day of December, 2005.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE